**ORIGINAL**   **FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APR 14 2005

U.S. DISTRICT COURT
FLINT, MICHIGAN

ROSA BOYLAND,

        Plaintiff,        Case No.: 03-CV-73334-DT

                      HON. GERALD E. ROSEN

vs.                      MAG. JUDGE WALLACE CAPEL, JR.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the Court is "Defendant's Motion For Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) of the Social Security Act," filed December 7, 2004. Defendant is requesting a remand due to the fact that the Office of Hearing and Appeals has been unable to prepare a court transcript because it cannot locate the cassette tapes of Plaintiff's administrative hearing. Plaintiff Rosa Boyland, has filed a Response and joins in the request for remand.

### II. ANALYSIS

Sentence Four and Six of 42 U.S.C. § 405(g) set forth the exclusive methods by which a district court may remand to the Commissioner of Social Security.

Sentence Six of 42 U.S.C. § 405(g) reads:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social

> Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence is so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

The court may remand a case pursuant to Sentence Six only where the Commissioner's motion for remand is made before the filing of an answer or where there is material evidence that, for good cause, was not presented to the agency. Raitport v. Callahan, 183 F.3d 101, 104 (2nd Cir. 1999).

The Commissioner has met the criteria for a Sentence Six remand in this case. The Commissioner's procedural difficulties in providing or reconstructing the record of the administrative proceedings has been found to be good cause for the court to remand. *See* Washington v. Barnhart, 286 F.Supp.2d 805, 806 (S.D. Texas 2002); Flores v. Commissioner of Social Security, 2001 WL 286732 (S.D. N.Y.).

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that this matter be remanded to the Commissioner, pursuant to Sentence Six of § 405(g) in order to locate the tapes of Plaintiff's administrative proceeding and prepare a court transcript. It is further recommended that if the tapes cannot be located within ninety days from the entry of the Court's Order, this matter should be remanded pursuant to the Social Security Administration with instructions to conduct a de novo hearing.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

Date: APR 1 5 2005

**ORIGINAL FILED**

APR 14 2005

U.S. DISTRICT COURT
FLINT, MICHIGAN

## CERTIFICATION OF SERVICE

UNITED STATES OF AMERICA )
) ss   Case No.: 03-CV-73334–DT
EASTERN DISTRICT OF MICHIGAN )

I, the undersigned, hereby certify that I have on the <u>14th</u> day of <u>April 2005</u>, mailed a copy of the "<u>Report and Recommendation</u>," in the foregoing cause, pursuant to Rule 77(Davenport), Fed.R.Civ.P., to the following:

Honorable Gerald E. Rosen
United States District Judge
231 W. Lafayette, Room 802
Detroit, Michigan 48226

James A. Brunson
Assistant United States Attorney
101 First Street, Suite 200
Bay City, Michigan 48708

Darrin J. Andrus
1121 N. Michigan Avenue
Saginaw, Michigan 48602


Marsha Heinonen
Deputy Clerk